**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA DEL SAGRARIO MEZA-LORETO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-72168 <br><br> Agency No. A095-663-525 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Maria Del Sagrario Meza-Loreto, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo its legal conclusions. *Benyamin v. Holder*, 579 F.3d 970, 974 (9th Cir. 2009). We deny the petition for review.

Meza-Loreto does not contend she suffered past persecution in Mexico. Substantial evidence supports the BIA's finding that, even if Meza-Loreto is a member of a particular social group, her fear of future persecution is not objectively reasonable. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (fear of future persecution too speculative). In addition, Meza-Loreto's claim that she fears persecution in Pakistan fails because that is not her country of nationality. *See* 8 U.S.C. § 1101(a)(42)(A).

Because Meza-Loreto failed to meet her burden to establish eligibility for asylum, she necessarily fails to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the BIA's denial of CAT relief because Meza-Loreto failed to demonstrate that it is more likely than not that she would face torture if returned to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**